UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA WAY,

       Petitioner,                      Case No. 17-cv-11654
                                                Hon. Matthew F. Leitman

v.

ANTHONY STEWART,

       Respondent.
_____/

# OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS

Angela Way, a Michigan inmate incarcerated at the Huron Valley Women's Complex, has filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner pled guilty in the Antrim Circuit Court to one count of failing to pay child support. MICH. COMP. LAWS § 750.165. Petitioner was sentenced on January 12, 2015, to 32 months to 48 months' imprisonment.

The petition raises two claims: (1) the trial court did not calculate or formulate any sentencing guidelines, and (2) trial counsel was ineffective for failing to advise Petitioner that if she accepted the plea bargain she could be sentenced to any term decided by the trial court.

The Court will summarily dismiss the petition without prejudice because Petitioner failed to exhaust her state court remedies with respect to her second claim. The Court will also deny a certificate of appealability and deny permission to appeal in forma pauperis. **After Petitioner presents her second claim to the state courts by filing a motion for relief from judgment in the Antrim Circuit Court and then appeals any adverse decision to both the Michigan Court of Appeals and Michigan Supreme Court, she may return and file a new federal petition for a writ of habeas corpus.**

I.

According to the allegations in the petition, and as confirmed by the state court website, following Petitioner's plea and sentence she filed an application for leave to appeal in the Michigan Court of Appeals. Petitioner asserts that her appellate counsel raised a single claim regarding the trial court's failure to calculate the sentencing guideline. See Pet., at 7. The Michigan Court of Appeals denied relief by order dated September 21, 2016. *People v. Way*, No. 333645 (Mich. Ct. App. Sept. 21, 2016). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, again raising her sentencing claim. The Michigan Supreme Court denied the application by standard order. *People v. Way*, No. 154430 (Mich. Sup. Ct. January 24, 2017).[1]

---

[1] See coa.courts.mi.gov/. Public records and government documents, including those available

Petitioner indicates that she has not yet filed a motion for relief from judgment in the trial court. Pet., at 7.

## II.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").

A federal court may not grant habeas relief to a state prisoner unless the prisoner first exhausts state remedies for her claims. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. *Boerckel*, 526 U.S. at 847. To properly exhaust state remedies, therefore, a habeas petitioner must present **each of her federal issues** to the state

---

from reliable sources on the Internet, are subject to judicial notice. See *United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is also permitted to take judicial notice of another court's website. See, e.g., *Graham v. Smith*, 292 F. Supp. 2d 153, 155 n.2 (D. Me. 2003).

court of appeals and to the state supreme court before raising the claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Here, Petitioner indicates that she did not present her second habeas claim to the Michigan appellate courts on direct review. Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss petitions containing unexhausted claims without prejudice in order to allow Petitioner to return to state court to present her unexhausted claims to the state courts. **Petitioner has an available state court remedy. She may still file for state post-conviction review under Michigan Court Rule 6.501 et seq. by filing a motion for relief from judgment in the trial court, and then if the motion is denied, she may appeal that decision through the state appellate courts.**

Finally, Petitioner is not in danger of running afoul of the one-year statute of limitations. See 28 U.S.C. § 2244(d). The starting point for the one-year deadline was 90 days after the Michigan Supreme Court denied relief, or on April 24, 2017. See 28 U.S.C. § 2244(d)(1)(a). And the time during which Petitioner's state post-conviction proceeding is pending in the state courts will not count against the one-year time limit. See § 2244(d)(2). That is, approximately one-month has passed on Petitioner's one-year time limit, and the time remaining on the period will not run (that is, the clock will be stopped) from the time she files her motion for relief from judgment until the date the Michigan Supreme Court denies relief. If Petitioner acts

with reasonable diligence in filing her motion for relief from judgment, she should have ample time to file a new federal habeas petition after she completes state review.

Accordingly, the Court will dismiss the petition without prejudice because Petitioner has failed to exhaust her state court remedies with respect to her second claim.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability. The Court will also deny permission to appeal in forma pauperis because any appeal of this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

### IV.

Accordingly, for the foregoing reasons,

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

If Petitioner does not obtain relief on her ineffective assistance of counsel claim in the state courts after filing a motion for relief from judgment and appeal through both the Michigan Court of Appeals and Michigan Supreme Court, she may return to federal court by filing a new petition for writ of habeas corpus raising her exhausted claims.

**IT IS FURTHER ORDERED**, that a certificate of appealability and permission to appeal in forma pauperis are **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 1, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 1, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113